■ JPMORGAN CHASE BANK, Respondent, v HOWARD B. LOWELL et al., Appellants. [765 NYS2d 315] —Order, Supreme Court, New York County (Helen Freedman, J.), entered April 11, 2003, which granted plaintiff's motion for partial summary judgment declaring that the Ground Lease for the subject premises

remains in full force and effect, and that the notice declaring the Ground Lease terminated is null and void, unanimously affirmed, with costs.

The motion court properly concluded that the due date for the rent under article 3.02 of the Ground Lease was December 1 rather than November 30, as defendants-appellants contend. Article 3.02 clearly and unambiguously requires the payment of rent "quarter-annually at the end of each quarter without demand therefor, *on the 1st days of each March, June, September and December*" (emphasis added). There was no need for the court to resort to parol evidence, and thus, no need to defer deciding the motion for summary judgment until defendants-appellants had an opportunity to conduct discovery on the parties' intent with respect to article 3.02, or the past payment history (*see Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 379 [1969]).

The motion court was justified in applying General Construction Law § 20 to article 18.02 of the Ground Lease since such provision may be applied to contracts in the absence of a contractual expression of contrary intention, and there was no contractual expression of contrary intention stated in the lease (*see Messina v Lufthansa German Airlines*, 47 NY2d 111 [1979]).

In addition, the motion court properly applied General Construction Law § 20 for purposes of calculating the 30-day default period under article 18.02 of the Ground Lease. Pursuant to General Construction Law § 20, the date of the event, i.e., the rent due date (December 1, 2002 herein), is excluded (*see Pomeranz v More*, 187 Misc 383 [1946]), and thus, the 30th day of default was December 31, 2002. Since plaintiff-respondent wire transferred the rent payment at 1:30 P.M. on December 31, 2002, it did so prior to the expiration of the 30-day default period.

We have considered defendants-appellants' remaining arguments and find them to be without merit. Concur—Sullivan, J.P., Williams, Lerner and Friedman, JJ.