People v Brown (2025 NY Slip Op 51269(U))

[*1]

People v Brown

2025 NY Slip Op 51269(U)

Decided on August 9, 2025

Criminal Court Of The City Of New York, Queens County

Gonzalez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 9, 2025
Criminal Court of the City of New York, Queens County

The People of the State of New York,

against
Yolana Brown, Defendant.

Docket No. CR-044167-24QN

Heidi Sandomir, Esq. for the Defense
District Attorney Melinda Katz for the People
By Julia Carter, Esq.

Maria T. Gonzalez, J.

SUMMARY OF DECISION
The defendant, Yolana Brown, is charged with Assault in the Third Degree (P.L. § 120.00(1)), Criminal Obstruction of Breathing or Blood Circulation (P.L. § 121.11(a)), two counts of Endangering the Welfare of a Child (P.L. § 260.10(1)), and Harassment in the Second degree (P.L. § 240.26(1)).
Before the Court is the defendant's omnibus motion seeking various forms of relief. Principally, the defense moves to dismiss the child endangerment counts as facially insufficient; invalidate the People's discovery certifications and, consequently, dismiss the entire action on speedy trial grounds under C.P.L. §§ 30.30 and 245.50; and preclude certain statements. The People have submitted a detailed affirmation in opposition.
After careful review of the party submissions and the relevant law, the defendant's motion is decided as follows. The defendant's motion to dismiss the counts of Endangering the Welfare of a Child (P.L. § 260.10(1)) for facial insufficiency is DENIED; the defendant's motion to invalidate the People's Certificate of Compliance (COC) is DENIED; the defendant's motion to dismiss the accusatory instrument pursuant to C.P.L. § 30.30 is DENIED; and defendant's motion for a Huntley/Dunaway hearing is GRANTED.
I. Factual and Procedural Background
The allegations in this case stem from a domestic incident on December 26, 2024, where the defendant is said to have physically assaulted her mother, the complainant L.B., in the presence of two minor children. This criminal action commenced that same day. The procedural path since has been contentious, particularly regarding discovery compliance. The People filed their initial COC and Statement of Readiness (SOR) on March 17, 2025. Subsequent communications with defense counsel led to a Supplemental COC (SCOC) on May 9, 2025, followed by another on July 4, 2025, containing additional materials. The instant defense motion was filed on May 23, 2025, with the People's response following on July 4. Significantly, this case is governed by the recent amendments to C.P.L. Article 245, which took effect on August 7, 2025, and apply to all pending actions.
[*2]II. Facial Sufficiency
The defendant first challenges the legal sufficiency of the two counts of Endangering the Welfare of a Child. The defense argues that the complaint's allegation that the children were merely "present" during the altercation lacks the necessary factual substance to establish that the defendant knowingly acted in a manner likely to be injurious to them.
The argument has some initial appeal. The statute requires more than a mere possibility of harm; it demands a likelihood. See People v. Johnson, 95 NY2d 368, 371 (2000). However, the inquiry at this early stage is whether the alleged facts provide reasonable cause to believe the defendant committed the offense. Exposing young children to a violent physical altercation between their mother and grandmother, one that allegedly involves punching and strangulation, is not a trivial matter. One may reasonably infer that witnessing such an event is likely to be injurious to the mental and moral welfare of a child. While the People will bear a heavier burden at trial, the allegations here are sufficient for pleading purposes.
Accordingly, the defendant's motion to dismiss the counts of P.L. § 260.10(1) is DENIED.
III. Validity of the Certificate of Compliance
The heart of this dispute is the validity of the People's March 17 COC. The defense contends it was illusory from the start, riddled with omissions that invalidate the People's readiness claim and compel a speedy trial dismissal.
The analytical framework for this question has been reshaped by the recent legislative amendments. The new statutory language moves away from a rigid, item-by-item checklist of items, and disclosure efforts made as to each item, resulting in a case's complete dismissal should this item-by-item compliance be deemed unsatisfactory. Instead, it directs the Court to "look at the totality of the party's efforts to comply " C.P.L. § 245.50(5). Good faith and due diligence are key in evaluating the totality of the People's efforts. C.P.L. § § 245.50(5), and (6). The amendments also introduce a new rule: challenges to a COC should now be made within thirty-five days and only after the parties have conferred in good faith. C.P.L. § 245.50(4)(c).
A. Timeliness of the Challenge
The People suggest that the defendant's motion, filed in May, is untimely under the former C.P.L. 245.50(4)(a)-(c), or under the new statute and its amendments. In this regard, we consider both the prior statute, and the new statute's language and fundamental principles of retroactivity. The legislature was explicit in addressing this very scenario. The effective date clause of the new law states: "Any timeframes provided in this act regarding the time limitation to challenge a certificate of compliance shall run from the effective date of this act" (L 2025, ch 56, part LL, § 8).
This language is a clear and unambiguous directive that the new 35-day clock is prospective. It applies to new challenges for which the time to file begins on or after August 7, 2025; it cannot be applied backward to invalidate a motion that was already properly filed and pending under the old law. When this motion was filed on May 23, 2025, the governing standard was that challenges be made "as soon as practicable." C.P.L. § 245.50(4) (former). [*3]Given that the motion was filed just fourteen days after the People's supplemental COC, it was clearly timely under the standard then in effect. To apply the new 35-day rule retroactively would unfairly impair the defendant's right to have their timely filed motion adjudicated, a right established under the law in effect at the time of filing. Such retroactive application would contravene the principle that statutes are presumed prospective absent clear legislative intent to the contrary (see McKinney's Cons Laws of NY, Book 1, Statutes, § 52, Comment (2024); Becker v. Huss Co., 43 NY2d 527, 540-541 (1978) (holding that retroactivity requires clear legislative intent and should not disrupt expectations formed under prior law); Matter of Deutsch v. Catherwood, 31 NY2d 487, 489-490 (1972) (emphasizing limits on retroactive application of procedural changes)). While Becker addressed workers' compensation, its principles on retroactivity and fairness apply equally to criminal procedure, where procedural rights, such as timely access to judicial review, are critical to due process (see People v. Utsey, 7 NY3d 398, 406 (2006) (applying retroactivity principles to criminal procedure)). Accordingly, the Court finds the defendant's motion was timely filed and will address its merits.
B. Analysis of Due Diligence
While the motion's timeliness is judged by the old law, the substantive legal standard for the COC's validity is judged by the new one. Remedial statutes like the discovery amendments are generally applied to all pending cases (see People v. Galindo, 38 NY3d 199 [2022]). Therefore, this Court must apply the "totality of the efforts" standard now codified in the statute.
The enactment of C.P.L. § 245.50(5) represents a significant legislative course correction. It signals a move away from a punitive, "strict liability" regime where a single missing item could mechanically invalidate a COC, toward a more holistic and practical assessment of the People's compliance efforts. The statute now explicitly commands the court to consider the People's good faith and due diligence not by an "item-by-item test," but by looking at the totality of the People's actions. This requires a qualitative, not merely quantitative, review.
Applying this standard, the Court considers the codified factors. The People's initial disclosure was substantial, comprising over 100 files, including extensive video and reports from related prior incidents. The case itself, a domestic assault, is not unusually complex, a factor which on its own does not strongly favor either side.
The People's initial handling of the witness L.B., the defendant's grandmother, appears somewhat passive. However, they provide a plausible explanation: the witness stated on camera she saw nothing, and her contact information was not in the police file. See People's Aff. in Opp., Exhibit 2, SCOC. Critically, when defense counsel pressed the issue, the People's response was swift. They contacted the complainant, obtained the information, and filed a supplemental certificate. This suggests responsiveness, not a refusal to comply.
Regarding outstanding police paperwork, the People's approach seems to align with the spirit of the new amendments. Their "Notice of Non-Disclosure" was not an attempt to hide deficiencies. To the contrary, it transparently listed specific memo books and videos they knew were missing and detailed their efforts to obtain them, even noting an officer's scheduled vacation as a temporary roadblock. This is precisely the kind of candid accounting C.P.L. § 245.50(1) now encourages. Similarly, the People affirm they used the subpoena process to obtain third-party records from FDNY and ACS, which is the proper mechanism for materials outside their direct control and shows diligence.
As for the disputed LEOW materials and audit trails, the People's opposition presents a good-faith legal argument that certain categories of information are not subject to automatic disclosure. While this Court may not ultimately agree with every aspect of their interpretation, the existence of a colorable legal dispute suggests their position was not taken in bad faith. Filing a COC based on a reasonable, even if debatable, interpretation of unsettled law does not, under the new statute, automatically render it invalid.
Looking at the entire picture, a pattern emerges. The People provided a large volume of discovery at the outset. They were transparent about known gaps and their ongoing efforts to fill them. They were responsive to defense inquiries. While the discovery process was not flawless, the record does not suggest a wholesale failure of diligence. Instead, it reflects the practical realities of an ongoing, and at times difficult, process of information gathering. This is the very type of scenario the "totality of the efforts" test was designed to address.
Under the totality of the circumstances standard now codified in C.P.L. §§ 245.50(5) this Court finds that the People exercised the requisite due diligence and acted in good faith. Moreover, C.P.L. § 30.30 (5) (b) now directly incorporates the new standard from § 245.50 into the speedy trial analysis, making it the controlling test for whether a COC is valid for readiness purposes. That section now reads as follows:
(b) Pursuant to section 245.50 of this chapter, the certificate of compliance is deemed invalid when the court determined that the people did not exercise due diligence and, in making such determination, the court looked at the totality of the prosecution's efforts to comply with the provisions of article two hundred forty-five of this chapter, rather than assess the prosecution's efforts item by item, and considered the factors relevant to assessing due diligence...
CPL § 30.30 (5) (b).
In summary, the Legislature added this language to both the discovery article (CPL 245) and the speedy trial statute (CPL 30.30) to ensure that the "totality of the efforts" test is the uniform standard for evaluating the validity of a Certificate of Compliance.
The Certificate of Compliance filed on March 17, 2025, is therefore deemed VALID.
IV. Speedy Trial Calculation
The finding that the People's COC is valid is dispositive of the defendant's speedy trial claim. The Statement of Readiness filed on March 17, 2025, was effective and served to toll the statutory clock. The 81 days that elapsed between the commencement of the action and that filing fall within the 90-day limit prescribed by C.P.L. § 30.30(1)(b).
Accordingly, the defendant's motion to dismiss on speedy trial grounds is DENIED.
V. Sanctions for Belated Disclosure
A finding of due diligence does not mean the People's performance was perfect. The question then becomes one of prejudice. Under C.P.L. § 245.80, a remedy or sanction is appropriate for belated disclosures only where the defendant demonstrates that the delay caused actual harm to their defense.
Here, the defendant has not articulated any specific prejudice. Key information was disclosed well in advance of any trial date, affording the defense a "reasonable time to prepare and respond to the new material." C.P.L. § 245.80(1)(a). Therefore, no sanction is warranted at [*4]this time.
VI. Other Motions
The defendant's motion to preclude any unnoticed statements is referred to the trial court for determination. The defendant's motion for a Huntley/Dunaway hearing is granted. Finally, the defendant's reservation of rights to make further motions is granted to the extent permitted by C.P.L. § 255.20.
Conclusion
Based on the foregoing, it is hereby:
ORDERED, that the defendant's motion to dismiss the counts of Endangering the Welfare of a Child (P.L. § 260.10(1)) for facial insufficiency is DENIED; and it is further
ORDERED, that the defendant's motion to invalidate the People's Certificate of Compliance is DENIED; and it is further
ORDERED, that the defendant's motion to dismiss the accusatory instrument pursuant to C.P.L. § 30.30 is DENIED; and it is further
ORDERED, that the defendant's motion for a Huntley/Dunaway hearing is GRANTED.
This constitutes the Decision and Order of the Court.
Dated: August 9, 2025
Kew Gardens, New York
HON. MARIA T. GONZALEZ
Judge of the Criminal Court