People v Duross (2025 NY Slip Op 51352(U))

[*1]

People v Duross

2025 NY Slip Op 51352(U)

Decided on August 28, 2025

City Court Of Utica, Oneida County

Saba, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 28, 2025
City Court of Utica, Oneida County

The People of the State of New York,

against
Sarah B. Duross, Defendant.

Docket No. CR-6479-24

Todd C. Carville, Esq., Oneida County District Attorney, Utica (Kathleen A. Arcuri, Esq., of counsel), for the People
Leonard Criminal Defense Group, PLLC, Rome (John G. Leonard, Esq., of counsel), for the Defendant

Joseph A. Saba, J.

On or about December 13, 2024, the Defendant was charged with the following offenses:
1. Operating a Motor Vehicle with a BAC of .08 of 1% pursuant to Penal Law § 1192(2);
2. Driving While Intoxicated pursuant to Penal Law § 1192(3); and
3. Equipment Violation (safety glass) pursuant to Vehicle and Traffic Law § 375(12)(a)(2)
Thereafter, the Defendant was arraigned on the charges on the January 9, 2025. The People filed a Certificate of Compliance (CoC) and Statement of Readiness (SoR) on March 31, 2025. On April 15, 2025, an omnibus motion was filed by the Defendant, seeking various relief. On June 6, 2025, the People filed a responding affirmation in opposition to the relief being requested. On June 9, 2025, this Court issued a decision:
1. Invalidating the People's Certificate of Compliance;
2. Denying the Defense's motion to dismiss the charges on speedy trial grounds; 3. Ordering a Dunaway/Mapp hearing
4. Denying the Defense's motion to preclude any improperly noticed statements, but ordering a Huntley hearing;
5. Denying the Defense's motion for production of various discoverable material;
6. Ordering a Sandoval/ Ventimiglia hearing; and
7. Denying the filing of further motions.
On June 30, 2025, the People filed a Supplemental Certificate of Compliance. On June 21, 2025, the Defense filed a motion seeking to invalidate that Supplemental CoC. On August 7, 2025, the People filed a responding affirmation in opposition to the relief being requested.
Now, upon consideration of the submissions herein, the Court finds as follows:
In their initial motion, dated April 15, 2025, the defense highlighted various pieces of missing discovery, including:
1. Light/Tint Meter information including brand/manufacturer and calibration information;
2. Portable breath screen including brand/manufacturer and calibration information;
3. "Error logger" data of Drager Alcotest 9510 ARAH-0033
4. Body worn camera audit trail logs; and
5. Disciplinary records of the law enforcement officers involved in this prosecution.
The Court, in its decision dated June 9, 2025, found these items to all be discoverable. As
the People's Compliance Report failed to acknowledge that any of the above pieces were turned over to the Defense at the time of the filing of their initial CoC, the Court found the People's initial CoC to be illusory.
The Defense alleges that despite the filing of a Supplemental CoC a few weeks later, the People still have yet to comply with their discovery requirements and turn over these various discoverable materials. The Defense asks this Court to find the Supplemental CoC to also be illusory.
The People maintain they have complied with their discovery requirements and asks the Court to deny the Defense's motion.
The burden rests upon the People to demonstrate diligent efforts were undertaken to determine the existence of automatic discovery materials and then disclose all information subject thereto. People v. Bay, 41 NY3d 200 (2023).
Effective August 7, 2025, various statutory changes were made to CPL § 245, codifying People v. Bay. Specifically, the legislature added CPL § 245.50(5), which encourages the Court to consider the totality of the People's efforts to comply with their discovery obligations, as opposed to the People's efforts to obtain each individual discoverable item.
§ 245.50(5)(a) details the factors the Court should consider when assessing the People's due diligence:
• Efforts made to comply by the People;
• Volume of discovery;
• Complexity of the case;
• Whether the People knew the belatedly disclosed or missing material existed;
• The People's reason for belated disclosure;
• The People's response when the defendant raises the missing discovery to the People pursuant to CPL § 245.50(4)(b);
• Whether the belated or missing discovery was "substantively duplicative, insignificant, or easily remedied";
• Whether the prosecution self-reported and took action without Court intervention; and
• Whether the delayed disclosure was prejudicial or otherwise impeded the defense's ability to investigate or prepare for trial.
CPL § 245.50(5)(b) clarifies that "the court's determination shall be based on consideration of all factors listed in paragraph (a) of this subdivision and no one factor shall be determinative."
"Belated disclosures should not invalidate a Certificate of Compliance that was made in good faith after the exercise of due diligence where the delay resulted from, for example, minor oversights in the production of material, delayed discovery of the existence of certain items, or a good faith position that the material in question was not discoverable." People v. Perez, 73 Misc 3d 171, (Queens Co. Sup. Ct. 2021).
In applying these factors to the case at hand, the Court finds the People have demonstrated diligent efforts to obtain and disclose discoverable material prior to the filing of their Supplemental CoC. "The volume of discovery produced was substantial, the explanation for the delayed disclosure was credible and promptly addressed, and the lapse was not due to bad faith or willful neglect." People v. Williams, 2025 NY Slip Op 51308(U) (Tompkins County).
Within weeks of this Court's decision invalidating the initial CoC, the People turned over a substantial amount of discovery, including Audit Trails and video footage. Further, the People demonstrated their efforts to obtain Error Logger data and Calibration records, which they maintain do not exist in this case. "While the discovery process was not flawless, the record does not suggest a wholesale failure of diligence. Instead, it reflects the practical realities of an ongoing, and at times difficult, process of information gathering." People v. Brown, 2025 NY Slip Op 51269(U) (Queens County).
Moreover, the Defense has failed to establish that the belated disclosure of these items "resulted in prejudice to the defense or otherwise impeded investigation of the case." People v. Ortega, 2025 NY Slip Op 51249(U) (Bronx County).
"The belated disclosures—minimal, insignificant, and voluntarily provided once the People were made aware of the omission—were made in good faith." People v. Macaluso, 230 AD3d 1158 (2d Dept 2024). See also People v. Williams, 224 AD3d 998, (3rd Dept. 2024).
The Court has considered other factors that work against the contention that the People acted in good faith and with due diligence, including the fact that this is not a complex case. "Nevertheless, as the new law made it clear, no one factor is determinative, and it is the totality of the People's efforts in complying with their discovery obligations that this court must consider." People v. Rhoomes, 2025 NY Slip Op 51315(U) (Kings County).
As such, the Court in this instance finds that the People did employ good faith and due diligence in obtaining and turning over all discoverable material when filing their Supplemental Certificate of Compliance.
Therefore, the Defendant's motion to invalidate the People's Supplemental Certificate of Compliance is DENIED.
The Court will hold an in-person pre-trial conference on August 29, 2025, at 9:00 AM. 
This constitutes the Decision and Order of the Court.
ENTER:
HON. JOSEPH A. SABA
UTICA CITY COURT JUDGE
Dated: August 28, 2025