People v Rhoomes (2025 NY Slip Op 51315(U))

[*1]

People v Rhoomes

2025 NY Slip Op 51315(U)

Decided on August 22, 2025

Criminal Court Of The City Of New York, Kings County

Park, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 22, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Jenel Rhoomes, Defendant.

Docket No. CR-002315-25KN

The People were represented by ADA Rachel Davidovich of the Kings County District Attorney's Office, and the defendant was represented by private counsel, Darren Fields, Esq., of 26 Court Street, Brooklyn, New York 11242.

Jung Park, J.

Defendant is charged with Endangering the Welfare of a Child (Penal Law § 260.10[1]), Assault in the Third Degree (Penal Law § 120.00[1]), Attempted Assault in the Third Degree (Penal Law § 110/120.00[1]) and Harassment in the Second Degree (Penal Law § 240.26[1]), for an alleged incident which occurred on January 10, 2025. Defendant moves to dismiss the accusatory instrument on the grounds that she has been denied her right to a speedy trial pursuant to CPL 170.30(1)(e) and 30.30(1)(b).
 Procedural History and Relevant Background
The factual allegations in the superseding information provide, in pertinent part, that on January 10, 2025, at approximately 5:00 p.m., inside of 542 Marcy Avenue, in Kings County, defendant kicked the complainant, her 7-year-old child, causing the child to fall to the ground. It further alleges that while the child was on the ground, defendant repeatedly kicked her and caused her to suffer substantial pain. On January 14, 2025, defendant was arrested for the alleged conduct, and the next day, on January 15, 2025, defendant was arraigned on a misdemeanor complaint charging her with Assault in the Third Degree and other related charges. At criminal court arraignment, defendant was represented by Elliot Green, Esq. The court released defendant on her own recognizance and adjourned the case to February 27, 2025, for conversion and the People to file their Certificate of Compliance ("COC") and Statement of Readiness ("SOR"). On February 27, 2025, the People were not ready, and the case was adjourned to April 16, 2025, for the People to file their supporting deposition, COC and SOR, or alternatively, dismissal of the matter. On February 28, 2025, the People conducted an interview and a swearability test of the complainant, which were both recorded (People's Response, Affirmation, at ¶ 23). On March 10, 2025, the People filed with the court and served on Mr. Green a superseding information ("SSI") charging defendant with one count each of Endangering the Welfare of a Child (Penal Law § 260.10[1]), Assault in the Third Degree (Penal Law § 120.00[1]), Attempted Assault in the Third [*2]Degree (Penal Law § 110/120.00[1]) and Harassment in the Second Degree (Penal Law § 240.26[1]). On March 27, 2025, the People filed and served a motion for a protective order pursuant to CPL 245.70, to limit the use of the video recordings of the child witness. That same day, the People provided discovery to the defense, except for the recordings, which were the subject of the pending protective order motion, and filed and served their COC, SOR and a Notice and Disclosure Form ("NDF").
After the People filed their COC and SOR, Darren Fields, Esq., emailed the assigned prosecutor informing her that he was newly retained by defendant and requesting that the People send him all discovery (Defendant's Motion, p. 3; Defendant's Ex. B: Email from March 27, 2025; People's Response, Affirmation, ¶ 31). The People immediately served Mr. Fields with discovery, COC, SOR and a motion for a protective order (People's Response, Affirmation, ¶ 32). On April 15, 2025, the court granted the People's motion for a protective order, restricting the dissemination and the use of the recorded forensic interview and the swearability test of the child witness. On April 17, 2025, Mr. Fields appeared in court with defendant and filed a notice of appearance. The People announced that they had filed their COC and SOR on March 27, 2025, defendant was arraigned on the SSI, and the case was adjourned to June 3, 2025, for discovery conferral and defendant to file any challenges to the People's COC.
On April 23, 2025, defense counsel emailed the assigned prosecutor requesting certain missing discovery items, including the forensic interview and swearability recordings of the complainant, the child witness. That same day, the assigned prosecutor responded to counsel's email and indicated that she had been out of the office for religious observance [FN1]
 and provided the recordings of the complainant (Defendant's Motion, p. 4; People's Response, Affirmation, ¶ 40; People's Exs. 19-21). On May 26, 2025, defendant filed the instant motion.
On June 3, 2025, the parties appeared in court, and defense counsel informed the court that he had filed a motion to dismiss. The court directed the People to respond to defendant's motion by June 24, 2025, and the case was adjourned to August 19, 2025, for decision on the instant motion. On June 24, 2025, the People filed their response, as well as a supplemental COC indicating that the forensic interview and swearability recordings had been disclosed to defendant on April 23, 2025 (People's Ex. 23: Supplemental COC).

Discussion
Defendant contends that under CPL 30.30, the People should be charged with at least 131 days, from the date defendant was arraigned on this case to the date she filed the instant motion, because the belated disclosure of the complainant's swearability recording and recorded forensic interview rendered the People's COC invalid, and that the People have yet to file their SOR. The People oppose and maintain that their March 27, 2025, COC was valid and their SOR filed on the same day stopped the speedy trial clock at 71 days.
In a motion pursuant to CPL 30.30, defendant has the initial burden of alleging that his right to speedy trial has been violated (see People v Luperon, 85 NY2d 71, 77-78 [1995]). The burden then shifts to the People to identify "the exclusions on which they intend to rely" (Id. at 73). Here, defendant sufficiently alleged that the People were not ready within the 90-day statutory period. Therefore, the burden is on the People to demonstrate the sufficient excludable [*3]period.
Endangering the Welfare of a Child is a class A misdemeanor which is punishable by a sentence of imprisonment of more than three months. The People, therefore, must announce their readiness for trial within 90 days of the commencement of the criminal action, not including any excludable periods of time (CPL 30.30[1][b] and [4]).
In calculating time, the court must first calculate the time between the filing of the accusatory instrument and the People's statement of readiness, subtract any time which is excludable and add any post-readiness delays that are attributable to the People and not eligible for an exclusion (CPL 30.30; People v Cortes, 80 NY2d 201, 208 [1992]).
On August 7, 2025, the new amendments to the Article 245 discovery statute took effect. Although there were several modifications to the discovery statute, the People still must comply with their discovery obligations to be ready for trial. Previously, the People were required to disclose "all items and information that relate to the subject matter of the case . . . in [their] possession, custody or control. . . or persons under [their] direction or control, including but not limited to" the twenty-one categories of information provided in 245.20(1)(a) through (1)(u). The legislative amendments to Article 245 narrowed the scope of disclosure in four categories, including statements made by defendant or co-defendant, transcripts of testimony, photographs taken by the police and photographs of property prior to its release, by limiting it to information "that relates to the subject matter of the charges against the defendant in the instant case" (CPL 245.20[1][a], [b], [h], [i]) (emphasis added). Further, the opening qualifying language of CPL 245.20, which enumerates all the categories of information to be provided by the People, was removed, and the new law added a catch-all provision but narrowed the scope of disclosure to "[a]ny other material and information relevant to the subject matter of the charges against the defendant in the instant case or a defense thereto" (CPL 245.20[1][v]) (emphasis added).
Once the People have "exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide the discovery required by" CPL 245.20(1), they "shall serve upon the defendant and file with the court a certificate of compliance" (CPL 245.20[1]). The People's COC must state that, "after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery," the People have "disclosed and made available all known material and information it has obtained subject to discovery" (CPL 245.50[1]). The recent amendment now permits the People to file a COC even if certain materials or information are not disclosed as long as they "identify the items" that they are required to disclose but could not be obtained "despite the exercise of due diligence" (CPL 245.50[1]).
Moreover, the new law imposes time limits and prerequisites to bringing a challenge to a COC. Absent an applicable exception, challenges must be filed within 35 days of the filing date of the People's COC. Before a defendant can bring a challenge to the People's COC, the defense is required to confer with the People to get the missing discovery and, only if the discoverable items in dispute are not able to be obtained through conferral, to file their challenge by motion within 35 days of the filing of the People's COC (CPL 245.50[4][c]).[FN2]
Any challenges to the People's COC must contain an affirmation by the defense that "after the filing of the [People's [*4]COC]," the defense "timely conferred in good faith or timely made good faith efforts to confer with the [People] regarding the specific and particularized matters forming the basis for such challenge" and that "efforts to obtain the missing discovery" or "otherwise resolve the issues raised were unsuccessful, and that no accommodation could be reached" (CPL 245.50[4][c]). Additionally, under CPL 245.50(4)(b), the defense counsel is required to "notify or alert" the People to any "potential defect or deficiency related to a certificate of compliance or supplemental certificate of compliance."
Most significantly, Section 245.50(5) was added to the discovery statute, which now requires the court to examine a list of non-exhaustive factors when assessing due diligence, weighing the "totality" of the prosecution's efforts to comply with discovery as a whole, "rather than assessing [the People's] efforts item by item" (CPL 245.50[5]). Under CPL 245.50(5)(a), the factors include, but are not limited to:
the efforts made by the prosecutor to comply with the requirements of this article; the volume of discovery provided and the volume of the discovery outstanding; the complexity of the case; whether the prosecutor knew that the belatedly disclosed or allegedly missing material existed; the explanation for any alleged discovery lapse; the prosecutor's response when apprised of any allegedly missing discovery; whether the belated discovery was substantively duplicative, insignificant, or easily remedied; whether the omission was corrected; whether the prosecution self-reported the error and took prompt remedial action without court intervention; and whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial.
In evaluating due diligence, the court must consider all of the ten factors set forth by the legislature, with no one factor being determinative (CPL 245.50[5][b]). The court cannot invalidate a COC where the People exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide automatic discovery (CPL 245.50[6]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (CPL 245.50[1]).
In addition, the People must maintain "a flow of information" between them and the law enforcement agency involved, and they have a continuing duty to disclose automatic discovery (CPL 245.55 and 245.60). If the People obtain additional material or information which is discoverable under the discovery statute, they must file a supplemental COC disclosing such materials or information to the defendant (CPL 245.50[1]). In the supplemental COC, the People must "identify[ ] the additional material" and "detail the basis for the delayed disclosure so that the court may determine whether the delayed disclosure impacts the propriety of the certificate of compliance" (CPL 245.50[1] and [1-a]). The filing of the supplemental COC "shall not impact the validity of the original [COC] if filed in good faith and after exercising due diligence" (CPL 245.50[1]). 
Finally, the new law has adopted the "due diligence" analysis set forth by the Court of Appeals in People v Bay, 41 NY3d 200, 212 [2023], as well as including additional factors. The Bay Court established that in dealing with discovery compliance, "there is no rule of strict [*5]liability" nor does the law contemplate a "perfect prosecutor." The analysis is "fundamentally case-specific" and "will turn on the circumstances presented." (Id.) Moreover, the People "bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to the filing of the initial COC" (Id. at 213). "If the prosecution fails to make such a showing, the COC should be deemed improper" and the SOR deemed illusory (Id.).

The Parties' Contentions
Defendant's Arguments
Defendant argues that under CPL 30.30, the People should be charged with at least 131 days, from the date defendant was arraigned on this case to the date defendant filed the instant motion, because the People's belated disclosure rendered their COC invalid, and that they had not filed their SOR. Specifically, she asserts that the People filed their COC without disclosing the following discoverable items:
1) recorded forensic interview of the child witness taken at the Brooklyn Child Advocacy Center; and
2) recorded swearability assessment of the child witness taken at the Kings County District Attorney's Office.
Defendant argues that these materials are part of automatic discovery under CPL 245.20(1)(e) and (g) and the belated disclosure of these recordings rendered the People's COC invalid (Defendant's Motion, pp. 12-13). Moreover, defendant contends that the court never granted the People's request for a protective order, and that "[t]here was no need for the prosecution to request a protective order for the complaining witness's swearability recording or forensic interview" because they already turned over the body worn camera recordings, which captured the complainant's statements to the police (Defendant's Motion, p. 9). Finally, she argues that the People failed to disclose discoverable materials under CPL 245.20(1)(k) (Defendant's Motion, p. 13).
People's Arguments
The People oppose and maintain that their March 27, 2025, COC was filed in good faith and after exercising due diligence, and that they have accrued 71 days of chargeable speedy trial time. The People argue that they were permitted to withhold the recordings pending a ruling by the court on their motion for a protective order under CPL 245.20(5), and that they notified the defense in writing by serving a copy of the motion for the protective order (People's Response, Memorandum of Law, p. 6). The People claim that there was good cause to apply for such a motion as "limiting the number of copies and viewers of the recordings would protect the complainant in this case from unnecessary embarrassment and emotional harm" and "ensure that victims are not subject to further emotional harm by the distribution of their personal narratives of the instant offense" (People's Response, Memorandum of Law, p. 6). The People further state that their COC should not be invalidated due to the lapse in time from the filing of the supplemental COC after the disclosure of the recordings because an "alleged failure to perform a ministerial task" does not "vitiate" the People's efforts of due diligence, particularly where "the People have turned over the discovery itself" (People's Response, Memorandum of Law, p. 7).

Court's Analysis
The court must now determine whether the People exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide the discoverable materials, and whether their COC served and filed on March 27, 2025, was valid. In reviewing the motion papers of the parties, the court file, and utilizing the factors set forth in CPL [*6]245.50(5), the court finds that the People exercised good faith and due diligence, and that the COC filed on March 27, 2025, was valid.
Although the discovery amendments went into effect on August 7, 2025, they apply to all pending cases such as this one. Therefore, even though defense counsel filed the instant motion prior to the August 2025 amendments, the court must consider the new amendments in rendering its decision. However, the "timeframes provided in this act regarding the time limitation to challenge a certificate of compliance shall run from the effective date of this act" (L 2025, Ch 56, § 8). In other words, the new 35-day rule for motion to challenge will apply to motions pending on August 7, 2025, but will start on August 7, 2025, not revert to the date the People filed their COC.
Defendant filed the instant motion on May 26, 2025, which, but for the specific timing in this case, would have fallen outside of the 35-day filing requirement set forth in CPL 245.50[4][c]. Here, the 35-day rule does not apply and the court finds that the defense filed their challenge to the People's COC within a reasonable time, particularly given that the new defense counsel complied with the court's order to file any challenges by June 3, 2025. Nowhere in the new discovery amendments to Article 245 does it expressly state the law should be applied retroactively nor is it required by "necessary implication" (People v Galindo, 38 NY3d 199, 207 [2022] [internal citations omitted]). In fact, as stated above, there is a clear directive from the legislature that the time limitation for any challenges to the People's COC will begin on August 7, 2025. Moreover, practically speaking, there would be no way to apply the 35-day rule retroactively since the new amendment was not in effect at the time defendant filed the motion. Similarly, the court will consider the defense motion even though it did not include the requisite affirmation attesting that the conferral did not resolve the discovery dispute (see CPL 245.50[4][c]).
As a preliminary matter, defendant's argument that the People never filed a statement of readiness, or SOR, is rejected. The People's March 27, 2025, COC clearly stated, "The People are ready for trial" (People's Ex. 13: COC, Inventory of Discovery, NDF). This declaration is sufficient to constitute a statement of readiness recognized by the court.
Next, defendant's claim that the People's COC is invalid because the court had yet to make a ruling on the pending protective order is without merit. CPL 245.20(5) provides, in pertinent part, if "good cause exists for declining to make any of the disclosures . . . such party may move for a protective order pursuant to section 245.70 of this article and production of the item shall be stayed pending a ruling by the court. The opposing party shall be notified in writing that information has not been disclosed [ ]." The People notified defendant in writing that they were withholding the recordings, by serving a copy of the motion for a protective order on counsel on March 27, 2025, and were permitted to wait to disclose the recordings of the complainant pending the court's decision on the motion. Additionally, the People disclosed the recordings on April 23, 2025, about a week following the court's April 15, 2025, decision granting the People's motion, which this court finds reasonable, particularly where the assigned ADA was out of the office from April 11, 2025, through April 21, 2025, for religious observance (People's Ex. 23: Supplemental COC).[FN3]

Lastly, applying the factors of CPL 245.50[5][a] to the facts and circumstances of this case, the court finds that the People have established that they acted in good faith and with due diligence. To begin, the People exhibited significant efforts to comply with the requirements of the article, including outreach to several agencies including the Administration for Children's Services ("ACS"), the Brooklyn Child Advocacy Center, and the NYPD in order to collect all automatic discovery created during the course of the investigation. The People commenced outreach shortly after defendant's arraignment and did not wait until they approached their 90-day speedy trial deadline to begin gathering discoverable materials. Moreover, the alleged omission was promptly corrected and was remedied by providing the recordings to defense counsel on the same day the materials were requested. The court is satisfied with the People's explanation for the minor delay, if it even qualifies as a delay, in disclosing the materials subject to the protective order and finds that the People diligently communicated and expeditiously turned over the recordings to the defense upon her return to the office. The large volume of discovery provided by the People contrasted with the two recordings is a factor that weighs heavily in favor of due diligence.[FN4]
Further, there is little to no prejudice to defendant since she has been in possession of all the discovery in this case, including the recordings, for nearly four months as of the issuance of this decision, and has had ample time to review the evidence against her and to prepare a defense before the matter has even reached trial posture.
The court has considered other factors that work against due diligence, including the fact that this is not a complex case and that the People did not self-report the discovery error. Nevertheless, as the new law made it clear, no one factor is determinative, and it is the totality of the People's efforts in complying with their discovery obligations that this court must consider. In so doing, the court finds that the People exercised due diligence and acted in good faith. Therefore, defendant's motion to dismiss is denied in its entirety. 

Speedy Trial Calculation
On January 15, 2025, defendant was arraigned on this case and the matter was adjourned to February 27, 2025, for conversion and the People's COC and SOR. This time period is charged to the People (43 days charged/43 days total).
On February 27, 2025, the People were not ready, and the case was adjourned to April 17, 2025, for the People to file their COC and SOR. However, on March 27, 2025, the People [*7]filed their COC and SOR and a motion for a protective order. The time period from February 27, 2025, through March 27, 2025, is charged to the People. Also, the clock stopped on March 27, 2025, when the People filed their motion for a protective order (CPL 30.30[4][a]). (28 days charged/71 days total).
On April 17, 2025, the court directed the defense counsel to file any challenges to the People's COC and adjourned the case to June 3, 2025. On May 26, 2025, defendant filed the instant motion. This time period is not charged to the People since the court found the People's COC and SOR valid (0 days charged/71 days total).
On June 3, 2025, the court set a motion schedule for the People to respond to defendant's motion to dismiss. The court adjourned the matter to August 19, 2025, for decision on the instant motion. This time period is excludable for motion practice (CPL 30.30[4][a]) (0 days charged/71 days total).
Accordingly, the People are charged with a total of 71 days. Since the People have not exceeded the 90-day timeframe set forth in Criminal Procedure Law section 30.30, defendant's motion to dismiss is DENIED.

Additional Motions
Defendant's application for permission to file additional motions (other than those addressed herein) is denied as premature with leave to renew at an appropriate time based on an appropriate record establishing good cause in support of such relief (CPL § 255.20[3]); People v Davidson, 98 NY2d 738 [2002]). 
This constitutes the decision and order of the court.
Dated: August 22, 2025
Brooklyn, New York
ENTER:
Jung Park, J.C.C.

Footnotes

Footnote 1:The assigned prosecutor was out of the office for religious observance from April 11, 2025, through April 21, 2025 (People's Ex. 23: Supplemental COC).

Footnote 2:CPL 245.50(4)(i) and (ii) provide for extensions and exceptions to the 35-day timeline for challenges based upon "a material change in circumstances" or for good cause shown.

Footnote 3:The People submitted that they filed a supplemental COC on June 24, 2025, stating that they disclosed the forensic interview and swearability recordings on April 23, 2025. They argue that the delay in their filing of the supplemental COC should not vitiate their original COC because the defense had the recordings as of April 23, 2025, and that their failure to file a supplemental COC along with their service of the recordings was an inadvertent error (People's Response, Memorandum of Law, p. 7). Defendant did not raise this argument in her motion. In any event, since there is no dispute that the defense was in possession of the recordings as of April 23, 2025, the court will not invalidate the People's COC based upon this ground.

Footnote 4:Although defendant made a blanket assertion that the People failed to provide discoverable materials under CPL 245.20(1)(k), defendant failed to identify what those allegedly missing items were. Nowhere in the moving papers did defendant specify her complaint nor provide support for her position.