People v Rosario (2026 NY Slip Op 50363(U))

[*1]

People v Rosario

2026 NY Slip Op 50363(U)

Decided on March 18, 2026

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 18, 2026
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

againstGilbert Rosario, Defendant.

Docket No. CR-030319-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Lauren Keller of counsel), for plaintiff. 
Twyla Carter, The Legal Aid Society, New York City (Debora Perez of counsel), for defendant.

Ilona B. Coleman, J.

The defense moves this court to find the People's certificate of compliance and statement of readiness invalid and to dismiss this case pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e). Specifically, the defense argues that the People failed to satisfy their discovery obligations under CPL § 245.20 in that they failed to timely produce 911 and 311 records, communications between the New York Police Department and the American Society for the Prevention of Cruelty to Animals (ASPCA), and documentation related to the seizure and transportation of the defendant's dog. The People oppose, arguing that the defense failed to sufficiently confer before filing this motion, that most of the material at issue does not exist, that they exercised due diligence regardless of any lapses, and, ultimately, that they filed a valid certificate of compliance and statement of readiness for trial before the expiration of their CPL § 30.30 time.
I. Relevant Facts
The defendant is charged with violating AML § 353 for allegedly physically abusing his dog. The defendant was arrested on September 25, 2026 and arraigned the following day. The defendant was released on his own recognizance, and the case was adjourned to November 18, 2025 for conversion. On November 18, 2025, the criminal complaint had not yet been converted to an information, and the case was adjourned to December 16, 2025 for conversion. The court also scheduled an AML § 373 (6) security hearing for the same day.
On December 15, 2025, defense counsel emailed the court requesting an adjournment. In response, the court inquired whether the defense wanted to adjourn only the AML § 373 (6) hearing, or whether they wanted to adjourn the criminal matter as well. Defense counsel specifically requested that the criminal matter be adjourned along with the AML § 373 (6) hearing. The court granted defense counsel's request and administratively adjourned the case to [*2]January 16, 2026.
On December 16, 2025, the People filed and served a certificate of compliance ("COC") and a certificate of readiness ("COR"). The People did not file or serve a supporting deposition.
On December 17, 2025, the People provided additional discovery to the defense and filed a supplemental certificate of compliance ("SCOC").
On January 15, 2026, the defense emailed the People requesting material they believed to be outstanding. As relevant here, the defense asserted that NYPD chain of custody forms, an animal transport manifest, and email exchanges between the NYPD and ASPCA had not been produced. The defense also stated that they wanted to "verify that there was no 911 call in this case" (affirmation of defense counsel, Ex. B). The People responded three hours later, stating that (1) there were no chain of custody forms; (2) they would contact NYPD to determine if an animal transport manifest existed; and (3) the arresting officer did not have any written communication with the ASPCA. The People did not respond regarding the 911 call inquiry. The defense did not respond to the People's email.
On January 16, 2026, the People filed and served a supporting deposition. The defendant was arraigned on the misdemeanor information, and the case was adjourned for trial. After the court appearance that day, the People filed and served a new COR.
On January 20, 2026, the defense filed the instant motion to dismiss. The defense argues that the People failed to produce discoverable material and that these lapses demonstrate that the People did not act diligently and in good faith. First, the defense alleges that documents related to the seizure and transportation of the defendant's dog — chain of custody forms and an animal transportation manifest — should have been created in this case but have not been produced. Second, the defense argues that body-worn camera (BWC) footage suggests that an NYPD officer alerted the ASPCA about the case and that an email or text message should therefore exist. Third, the defense argues that BWC footage similarly suggests that a 911 call was made. Finally, the defense alleges that records of a 311 call in this case were produced on December 17, 2025, a day after the People filed their initial COC.
In their March 7, 2026 opposition, the People argue that their overall discovery efforts were diligent and that the defense has not established any discovery violations. The People state that they began gathering discovery on September 29, 2025 and started producing discovery that day. The People argue that the discovery in this case totaled "over 500 pages" and was produced to the defense on September 29, October 13, December 9, and December 17, 2025. The People deny that the chain of custody forms and animal transportation manifest exist. They also deny that any text message or email notification from NYPD to ASPCA exists, though they admit that an officer texted video footage to the ASPCA. Next, the People deny that any 911 call was made in this case. Rather, the police responded initially to a 311 call, and they returned to the building to arrest the defendant after a staff member called the arresting officer's NYPD-issued phone. Finally, the People concede that the 311 records were provided after their initial COC was filed. The People explain that they subpoenaed the 311 records from NYC311 on December 11, 2025, received the records on December 17, 2025, and shared them with the defense that day. They argue that this "very brief" delay "was not prejudicial to the defense whatsoever" (aff of People, p. 17).
II. The COC Challenge
On a motion challenging a COC, this court will typically first determine whether the movant has complied with the procedural requirements of CPL § 245.50 (4) (see People v [*3]Minor, 2026 NY Slip Op. 50255[U] [Crim Ct, NY County 2026]). Next, the court will examine the alleged discovery violations individually (People v Lodgson-McCray, 88 Misc 3d 1212[A] [Crim Ct, NY County 2026]). If the court finds that any discovery violations occurred, the court will then examine the violations in the context of "the totality of the [People's] efforts to comply with the provisions of [Article 245]" and determine whether the People nevertheless "exercised due diligence and acted in good faith" in discharging their duties (CPL 245.50 [5], [6]; see also People v Bay, 41 NY3d 200, 211 [2023]).
Here, the defense has not satisfied the CPL § 245.50 (4) (c) requirement that a motion challenging a COC "be accompanied by an affirmation by the moving party that, after the filing of the opposing party's [COC], such moving party timely conferred in good faith or timely made good faith efforts to confer with the opposing party regarding the specific and particularized matters forming the basis for such challenge, that efforts to obtain the missing discovery from the opposing party or otherwise resolve the issues raised were unsuccessful, and that no accommodation could be reached." The defense's conferral efforts consisted of a single email listing allegedly withheld discovery. The People promptly emailed back, stating that most of the items did not exist. Rather than sending another email explaining why they thought the items existed, the defense stopped conferring and filed this motion. While conferrals need not be lengthy, this court has previously explained that they must be "sufficient to elicit the parties' respective positions in the dispute and to establish that a resolution could not be reached" (People v Calvin Y, 86 Misc 3d 1270[A] [Crim Ct, NY County 2025]). The conferral in this case did not satisfy that minimal standard. If the defense had explained why they believed the materials existed, the People might have been able to demonstrate to the defense's satisfaction that the materials do not, in fact, exist, which would have obviated the need to file their motion. Because the defense failed to confer sufficiently to show that "no accommodation could be reached," this motion must be denied pursuant to CPL § 245.50 (4) (c).
Regardless, the motion also fails on the merits. Here, the defendant alleges that the People failed to satisfy their statutory obligations as to four categories of discoverable material: (1) chain of custody forms and an animal transportation manifest for the defendant's dog; (2) an email or text message notification from NYPD to ASPCA; (3) 911 call recordings; and (4) NYC311 records. The first three do not exist. The People credibly assert that no chain of custody forms or animal transportation manifest was created for the defendant's dog, and indeed the NYPD Patrol Guide does not require that officers create such paperwork for seized animals (see NYPD Patrol Guide, Procedures 212-119 ["Investigations of Animal Abuse"], 214-33 ["Care and Disposition of Animals"]). Similarly, the People state that they confirmed with the relevant officer that he notified ASPCA by phone, not by email or text. The defense's assumption that any written notification must have occurred is unfounded. Next, the case was initially reported via a 311 call, and, contrary to the defense's assertions, the police were recalled to the scene via a call to the arresting officer's departmental phone. No 911 call was made, and thus no 911 call recordings exist. As none of these records exist, their nondisclosure is not a discovery violation. 
The records from NYC311 do exist, but their allegedly belated disclosure did not constitute a discovery violation. When the People filed their December 16, 2025 COC, the 311 records were not in their possession. The People subpoenaed the records from NYC311 — a city agency that is neither part of the District Attorney's Office nor a law enforcement agency (People v Buenaventura, 82 Misc 3d 1135-1140 [Crim Ct, NY County 2024]) — on December [*4]11, 2025, and received them pursuant to the subpoena on December 17, 2025. Because records of a 311 call can be obtained only through subpoena duces tecum and are equally available to the defense, the People are not required to obtain them (CPL 245.20 [2]). Therefore, the fact that the People had not obtained the 311 records before filing their COC has no negative bearing on the People's diligence. 
Overall, the People have demonstrated that their efforts to fulfill their discovery obligations were diligent (CPL 245.50 [5]; Bay, 41 NY3d at 211). The People made significant efforts to obtain and produce discovery (CPL 245.50 [5] [a]). When the defense notified them of potentially missing discovery, the People took prompt steps to confirm that the items in question did not exist (id.). The court perceives no discovery violations, errors, or omissions against which the People's efforts must be weighed (see id.). The People's COC and SCOC are therefore valid (CPL 245.50 [6]), and the motion is DENIED.
III. CPL § 30.30
In this case, in which the defendant is charged with an A misdemeanor and no felonies, the People must be ready for trial within ninety days of the commencement of the criminal action (CPL 30.30 [1] [b]). 
From the defendant's arraignment on September 26, 2025 to the filing of the People's COC and COR on December 16, 2025, 81 days are chargeable to the People. 
Regardless of the validity of the People's COC and SCOC, the People's December 16, 2025 and December 17, 2025 CORs were invalid because the People had not yet filed a supporting deposition. However, the period from December 16, 2025 through January 16, 2026 is excludable under CPL § 30.30 (4) (b) because the adjournment was granted at defense counsel's request. In her emails with the court, defense counsel specifically requested "that the appearance for the criminal case [also be] adjourned," in addition to the ASPCA hearing (People's affirmation, Exhibit 2). It is true, as the defense argues, that this adjournment did not prevent the People from filing a supporting deposition and validly declaring readiness for trial. Nevertheless, affirmatively requesting an adjournment constitutes a "waiver of the delay," and thus "the People are not required to causally trace their lack of readiness to defendant's actions before the court is warranted in excluding" this period (People v Worley, 66 NY2d 523, 527 [1985]).
No additional time is chargeable. The People's January 16, 2026 COR was valid, and the defense does not allege any additional chargeable time. The defense also requested an adjournment on January 16, 2026 and filed the instant motion on January 20, 2026 (CPL 30.30 [4] [a], [b]).
The court finds that only 81 days are charged to the People, and the defendant's motion to dismiss is therefore DENIED.
This constitutes the decision and order of this court.
Dated: March 18, 2026
New York, NY
Ilona B. Coleman, J.C.C.