People v Sabis (2026 NY Slip Op 50394(U))

[*1]

People v Sabis

2026 NY Slip Op 50394(U)

Decided on March 26, 2026

City Court Of Utica, Oneida County

Giruzzi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 26, 2026
City Court of Utica, Oneida County

People of the State of New York

againstDerek J. Sabis, Defendant.

Docket No. CR-3578-24

Todd C. Carville, Esq., Oneida County District Attorney, Utica (Andrew K. Rahme, Esq., of counsel), for the PeopleRicardo J. Mauro, Esq., for the Defendant 

F. Christopher Giruzzi, J.

On or about June 19, 2024, the Defendant was charged with Unlawful Imprisonment in the Second Degree pursuant to Penal Law § 135.05. The Defendant was arraigned on the charge on August 1, 2024, and entered a plea of not guilty.
The People filed a Certificate of Compliance (CoC) and Statement of Readiness (SoR) on September 19, 2024. On November 4, 2024, the People filed a Supplement CoC and SoR. On April 10, 2025, an omnibus motion was filed by the Defendant, seeking to invalidate the People's CoC and dismiss the charge pursuant to CPL § 30.30. On April 14, 2025, the People filed a responding affirmation in opposition. This Court issued a decision on April 17, 2025, denying the Defendant's motion. Following the Defendant's filing of a motion to renew on April 21, 2025, this Court issued a decision on May 9, 2025, denying the relief requested.
The Court held oral arguments on various pre-trial issues on December 8, 2025. The Court requested the parties submit additional motions to supplement their arguments.
The Defense filed their supplemental motion on January 15, 2026. On February 12, 2026, the People filed a responsive affirmation in opposition to the relief requested by the Defendant. On February 19, 2026, the Defendant filed an affirmation in further support of his arguments.
The issues for the Court to consider include:
1. Whether the People's Certificate of Compliance and Supplemental Certificate of Compliance should be invalidated; and2. Whether the Court should preclude the People from admitting post-incident text messages between the complainant and the Defendant.Now, upon consideration of the written submissions and oral arguments, the Court finds as follows:
First, the Court will address the People's contention that the Defendant's motion should be disregarded as improper. Specifically, the People argue that, since the Court denied Defendant's first motion to dismiss on the same issue, the Court should consider the most recent filing a motion to renew pursuant to CPLR § 2221(e). The People maintain the Defendant's [*2]motion does not meet the requirements of the statute.
CPLR § 2221(e) states:
(e) A motion for leave to renew:
1. shall be identified specifically as such;2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and3. shall contain reasonable justification for the failure to present such facts on the prior motion.The Court finds this section inapplicable to the Defendant's most recent motion to dismiss, as the Court specifically requested the parties file supplemental motions following oral arguments held on December 8, 2025. The Court accepted the Defendant's filing at its direction.
Even if the Court deems Defendant's filing a motion to renew, it finds the motion appropriate given statutory changes effective August 7, 2025, that could ultimately affect the Court's previous decision. CPLR § 2221(e)(2). The requirements of the statute are met where the latest motion is based on a new statute taking effect while the case is still before the court. See Siegel & Connors, New York Practice § 449 (6th ed. 2018).
Therefore, the Court finds the Defendant's instant motion proper and rejects the People's arguments on that issue.I. Motion to Invalidate the People's Certificate of Compliance
Next, the Defendant moves to invalidate the People's Certificates of Compliances (CoCs) filed September 19, 2024, and November 4, 2024, based on the People's failure to timely disclose discoverable information.
Specifically, the Defense highlights various pieces of missing discovery, including:
1. Contact information for Utica Fire Department members who appeared on scene; and2. Contact information for a homeowner approached by the complainant.The Court, in its decision dated April 17, 2025, found these items to not be discoverable.
The People maintain they have complied with their discovery requirements and ask the Court to deny the Defense's motion.
a. Discovery Amendments
Effective August 7, 2025, various statutory changes to CPL § 245 took effect, codifying the Court of Appeals' decision in People v. Bay, where the Court found the burden rests on the People to demonstrate diligent efforts to determine the existence of automatic discovery materials and then disclose all information subject thereto. People v. Bay, 41 NY3d 200 (2023).
Specifically, the legislature added CPL § 245.50(5), which requires the Court to consider the totality of the People's efforts to comply with their discovery obligations, as opposed to the People's efforts to obtain each individual discoverable item.
§ 245.50(5)(a) details the factors the Court should consider when assessing the People's due diligence:
• Efforts made to comply by the People;• Volume of discovery;• Complexity of the case;• Whether the People knew the belatedly disclosed or missing material existed;• The People's reason for belated disclosure;• The People's response when the defendant raises the missing discovery to the People [*3]pursuant to CPL § 245.50(4)(b);• Whether the belated or missing discovery was "substantively duplicative, insignificant, or easily remedied".• Whether the prosecution self-reported and took action without Court intervention; and• Whether the delayed disclosure was prejudicial or otherwise impeded the defense's ability to investigate or prepare for trial.CPL § 245.50(5)(b) clarifies that "the court's determination shall be based on consideration of all factors listed in paragraph (a) of this subdivision and no one factor shall be determinative." People v. Rhoomes, 2025 NY Slip Op 51315(U) (Kings County).
"Belated disclosures should not invalidate a Certificate of Compliance that was made in good faith after the exercise of due diligence where the delay resulted from, for example, minor oversights in the production of material, delayed discovery of the existence of certain items, or a good faith position that the material in question was not discoverable." People v. Perez, 73 Misc 3d 171, (Queens Co. Sup. Ct. 2021).
However, prior to conducting its analysis, the Court must first determine whether the 2025 statutory amendments apply to a case commenced in 2024. The Court concludes the amendments are, in fact, applicable to this case.
When interpreting the retroactivity of a statute, courts must examine the Legislature's intent. McKinney's Cons Laws of NY, Statutes § 92 (a); see also Riley v County of Broome, 95 NY2d 455, 463 (2000). The Court therefore turns to the plain and unambiguous language of the statute. People v Galindo, 38 NY3d 199, 203 (2022).
Unlike the discovery amendments enacted in 2020, which provided only that "[t]his act shall take effect January 1, 2020," the 2025 legislation specified the amendments shall "apply to all criminal actions pending on [August 7, 2025]." This Court interprets "pending" to mean undecided. Black's Law Dictionary (10th ed), pending.
The Court notes this case remains unresolved without a final disposition. People v. Jefferson M.Q. 2025 NY Slip Op 25224.
Thus, this Court will apply the 2025 amendments to motions filed after August 7, 2025, even if, as here, the People filed the CoC prior to that date. People v. Jefferson M.Q. 2025 NY Slip Op 25224; see also People v. Rosario 2026 NY Slip Op 50363(U); People v. Calvin Y 2025 NY Slip Op 51383(U).
i. Witness Contact Information
The Defendant maintains the People's failure to turn over contact information for Utica Fire Department personnel who arrived on scene, as well as for a homeowner whom the complainant approached while waiting for law enforcement to respond, renders their Certificates of Compliance invalid.
The People undeniably did not turn over this information to the Defendant. Nevertheless, the Court finds the lack of disclosure insufficient to invalidate the People's CoCs, and accordingly affirms its prior decision finding these materials not discoverable.
Records concerning emergency personnel such as firefighters are discoverable only where they were acting under police direction. People v. Ajunwa, 75 Misc 3d 1220(A), 2022 NY Slip Op. 50626(U). In other words, the police themselves must have summoned the emergency services. People v. Rahman, 79 Misc 3d 129(A), 2023 NY Slip Op. 50692(U).
Here, the Defendant himself has repeatedly maintained the response by the Utica Fire Department occurred due to a crash detection alert on the complainant's phone. Law enforcement [*4]did not summon the Utica Fire Department. 
As to the contact information for the civilian whose home the complainant visited during the alleged incident, the People have adequately established that law enforcement did not obtain this individual's contact information, and it therefore the People did not have possession or control.
Even if this Court considered the material discoverable, the Court is not convinced invalidation of the People's CoC a proper remedy for the lack of disclosure. Pursuant to CPL § 245.50(1), "No adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80 of this article." Even so, the Court finds the People acted in good faith and with due diligence in turning over discoverable matter to the Defense in this matter, and therefore imposing a sanction would be inappropriate.
In applying the factors of CPL § 245.50(5)(a) to the case at hand, the Court finds the People demonstrated diligent efforts to obtain and disclose discoverable material prior to the filing of their CoCs. "The volume of discovery produced was substantial, the explanation for the delayed disclosure was credible and promptly addressed, and the lapse was not due to bad faith or willful neglect." People v. Williams, 2025 NY Slip Op 51308(U) (Tompkins County).
While the People could have acted more prudently with additional pre-readiness and post-readiness outreach, to the Court cannot deem this outreach as fatally unreasonable as because the People produced extensive discovery before the § 30.30 deadline. People v. Guevera 2025 NY Slip Op 51825(U) [87 Misc 3d 1238(A)].
Further, the People had a good faith belief that the items sought by the Defendant were not discoverable, as ruled by this Court in its decision dated April 7, 2025. see also People v. Perez, 73 Misc 3d 171, (Queens Co. Sup. Ct. 2021). The Court cannot fault the People for a belief in accordance with this Court's ruling.
"While the discovery process was not flawless, the record does not suggest a wholesale failure of diligence. Instead, it reflects the practical realities of an ongoing, and at times difficult, process of information gathering." People v. Brown, 2025 NY Slip Op 51269(U) (Queens County).
Moreover, the Defense has failed to establish that the belated disclosure of these items "resulted in prejudice to the defense or otherwise impeded investigation of the case." People v. Ortega, 2025 NY Slip Op 51249(U) (Bronx County). The Court is unpersuaded by the Defendant's contention that the lack of disclosure prejudiced him, particularly given the fact that the Defendant obtained the information himself, and now has it in his possession. The Defendant's own CoC, filed January 15, 2026, contains the names and contact information for multiple Utica Firefighters.
As such, the Court finds the People did employ good faith and due diligence in obtaining and turning over all discoverable material when filing their CoCs, and any lack of disclosure did not prejudice the Defendant. Therefore, the Defendant's motion to invalidate the People's Certificates of Compliance is DENIED.
II. Motion to Preclude Text Messages
The Defendant also makes a motion in limine seeking an order from the Court precluding the People from introducing post-incident text messages at trial between the complainant and the Defendant. The Defendant argues the text messages cannot be properly authenticated, present [*5]reliability and completeness concerns, and lack an adequate chain of custody.
The People oppose the Defendant's motion, arguing the text messages can be properly authenticated. In their affirmation, the People describe the method by which the text messages were extracted from the complainant's phone, and assert both the complainant and the investigator who assisted in extracting the messages can testify as to their authenticity.
Where a party files a motion in limine seeking to preclude evidence from being presented at trial, the motion may be considered premature when the relevancy of such evidence may be established at trial. Speed v. Avis Rent-A-Car, 172 AD2d 267 (1st Dep't 1991). Such a motion should be granted only when the evidence is clearly inadmissible. United States v. Clanton 2024 WL 5007419 (E.D. NY 2024). Otherwise, the motion is more appropriate as an evidentiary objection at trial. United States v. Clanton 2024 WL 5007419 (E.D. NY 2024)
Therefore, a court considering a motion in limine may reserve its decision until trial. United States v. Clanton, 2024 WL 5007419 (E.D. NY 2024); National Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D. NY 1996).
At this point in time, the Court lacks sufficient knowledge as to the potential evidentiary issues surrounding these text messages. As such, the Defendant's motion is premature.
Therefore, the Defendant's motion to preclude is DENIED. The Defendant may renew his objection at trial.
As the Defendant previously waived his right to a trial by jury, a bench trial will commence on May 29, 2026, at 9:00 A.M.
This constitutes the Decision and Order of the Court.

ENTER:Hon. F. Christopher GiruzziUtica City Court JudgeDated: March 26, 2026